```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SHAWN JONES BING,                :      CIVIL ACTION
                                 :      NO. 16-6562
          Petitioner,            :
                                 :
     v.                          :
                                 :
LAWRENCE MAHALLY, et al.,        :
                                 :
          Respondents.           :
```

**O R D E R**

**AND NOW**, this **6th** day of **July, 2018**, after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (ECF No. 10) and Petitioner's objections thereto (ECF No. 12), it is hereby **ORDERED** as follows:

    1.    The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] A district conducts a de novo review and determination of the portions of the report and recommendation by a magistrate judge to which there are objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); see also E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." Hill v. Barnacle, 655 Fed. App'x 142, 147 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

2. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;[2]

---

[2] Magistrate Judge Caracappa filed a report and recommendation ("R&R") that the petition be denied with prejudice without an evidentiary hearing. See ECF No. 10. In response, Petitioner filed objections, ECF No. 12, and this Court conducted a de novo review of the portions of the R&R pertaining to the objections.

Petitioner objects to the R&R's conclusion that his due process sufficiency of the evidence claim fails. See Obj. 2, ECF No. 12. The R&R concluded that there was sufficient evidence to sustain Petitioner's convictions for third degree murder, conspiracy, and possessing an instrument of crime. See R&R 6-10, ECF No. 10.

In a claim challenging the sufficiency of the evidence, a court determines "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Cuyler, 723 F.2d 1077, 1083-84 (3d Cir. 1983) (quoting Jackson v. Virginia, 443 U.S. 307, 319) (emphasis in original). Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may only grant relief in a sufficiency of the evidence challenge where the state court application of the standard set forth in Jackson was objectively unreasonable. See Williams v. Taylor, 529 U.S. 362, 405 (2002); see also Jackson, 443 U.S. at 307.

Petitioner's objection here is a weight of the evidence argument. While he acknowledges the inculpating evidence discussed in detail by the R&R, he argues that the R&R erred by not discussing other evidence in the record that, in Petitioner's view, is exculpating. See Obj. 2-3. However, this objection is misplaced, because a federal court's reassessment of the credibility and relative weight of the evidence presented at trial is not cognizable in a federal habeas corpus proceeding. Marshall v. Lonberger, 459 U.S. 422, 434-35 (1983); Tibbs v. Florida, 457 U.S. 31, 38-39 (1982).

Petitioner also objects to the R&R's characterization of his actual innocence claim as a "stand alone" actual innocence claim, Obj. 6, which is not cognizable in a federal habeas proceeding. Albrecht v. Horn, 485 F.3d 103, 121-22 (3d Cir. 2007) (citing Herrera v. Collins, 506 U.S. 390 (1993)). Instead, Petitioner contends that he is asserting a "gateway" claim of actual innocence. Obj. 6. A "gateway" actual innocence claim is not a separate claim, but rather may be a limited "gateway" to judicial review of an untimely habeas petition. See McQuiggan v. Perkins, 569 U.S. 383 (2013). The R&R correctly concluded that the instant petition is not time-barred, and therefore Petitioner had no need of the actual innocence gateway. R&R 11. The R&R proceeded to correctly conclude that, in any event, Petitioner has not met the standard for an actual innocence claim. Id.

"Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." Sistrunk v. Rozum, 674 F.3d 181, 191 (3d Cir. 2012) (citing Bousley v. United States, 523 U.S. 614, 623 (1998)). Petitioner claims that he is actually innocent based on the affidavit of his co-defendant Johnathon Lane, in which Lane claims that Petitioner was an innocent bystander. Obj. 6. Neither Petitioner nor Lane testified at trial, so Petitioner argues that this affidavit should be considered "new" evidence. However, as the R&R correctly concluded, Lane's affidavit is not "new" evidence. United States v. Bujese, 371 F.2d 120, 125 (3d Cir. 1967) (It is "well settled that evidence is not 'newly discovered' when it was known or could have been known by the diligence of the defendant or his counsel"); United States v. Jasin, 280 F.3d 355, 362 (3d Cir. 2002) (holding that testimony which was previously unavailable because of a witness' invocation of a fifth amendment right is not "new" evidence if the petitioner previously knew the substance of the testimony). The R&R correctly concluded that in this case, as in Jasin, Petitioner knew of the substance of the purportedly "new" evidence at trial, and therefore it is not "new" evidence. R&R 12.

Finally, Petitioner objects to the R&R's application of Jasin - binding Third Circuit precedent - in this case. Obj. 7 (citing R&R 12). Petitioner contends that First Circuit law

3

3. The Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE** without an evidentiary hearing;

4. A certificate of appealability shall not issue;[3] and

5. The Clerk shall mark this case **CLOSED**.

**AND IT IS SO ORDERED.**

        **/s/ Eduardo C. Robreno**
        **EDUARDO C. ROBRENO, J.**

---

provides the better rule, and therefore should have been applied. Id. (citing U.S. v. Montilla-Rivera, 115 F.3d 1060 (1st Cir. 1997)). The Court notes that the R&R was correct in applying Third Circuit law in this case.

[3] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which Petitioner has not shown. Moreover, Petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).